IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SITE B, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:13-cv-05295 |
| | ) | |
| v. | ) | |
| | ) | Honorable Harry D. Leinenweber |
| | ) | |
| DOES 1-51, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO QUASH SUBPOENA**

Defendant Doe 39, as identified by IP Address 50.151.237.5 ("Defendant" or "Doe 39"),[1] through its Attorneys, Johnson Law, LLC, moves to quash the subpoena issued to Comcast Cable Holdings, LLC ("Comcast") by the Plaintiff on September 4, 2013, in the above-captioned case, pursuant to Rule 45 of the Federal Rules of Civil Procedure. In support of this motion, Doe 39 states as follows:

1. This is an action for copyright violation filed by the Plaintiff alleging that fifty-one (51) defendants downloaded Plaintiff's movie. The Plaintiff issued the subpoena to identify the Defendants who are presently identified by IP addresses. The Plaintiff alleges that the defendants used the internet software known as "BitTorrent Protocol" to download the movie.

2. On August 19, 2013, Plaintiff filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. It sought in the motion permission to issue subpoena to the Internet Service Providers ("ISPs") to determine the identities of the Defendants.

---

[1] The issue of identity is central to the subpoena and to protect it, "Doe 39" is used in this Motion to identify the owner of IP Address 50.151.237.5.

3.  On August 22, 2013, the Court granted the Plaintiff the permission to conduct discovery. The Plaintiff seeks in the subpoena to obtain the identities of the subscribers alleged to have downloaded the movie at the time of the alleged violation.

4.  Pursuant to the Order of the Court the Plaintiff issued a subpoena to Comcast on September 4, 2013, seeking disclosure of the subscriber associated with IP address listed for Doe 39.

5.  The subpoena issued by Plaintiff to Comcast should be quashed by this Court because Defendant Doe 39 was not properly joined as a defendant pursuant to Federal Rule of Civil Procedure 20. The Defendant Doe 39 also states that the information sought in the subpoena is protected from disclosure under the Electronic Communications Privacy Act codified at 18 U.S.C. Section 2701-2703.

6.  Defendant Doe 39 has attached a Memorandum of Law in Support of its Motion.

WHEREFORE, Defendant Doe 39 (IP 50.151.237.5) respectfully requests that this Honorable Court quash the subpoena issued by Plaintiff and sever and dismiss with prejudice claims against Defendant Doe 39 for improperly joining it as a Defendant.

Respectfully submitted,
JOHNSON LAW, LLC

_____
Tige C. Johnson,
Attorney for Defendant Doe 39.

JOHNSON LAW, LLC
Barrister Hall
29 South LaSalle Street
Suite 220
Chicago, Illinois 60603
312.456.9300
Atty No. 6271255
JL File #: 13 DEF 1056

**CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING**

  The undersigned hereby certifies that a true and correct copy of the attached, <u>Defendant Doe 39's Motion to Quash Subpoena</u>, was electronically filed with the Clerk of the U.S. District using the CM/ECF system, which sent notification of such filing to all counsel of record on October 18, 2013.

_____
James S. Waddell
for
Johnson Law, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SITE B, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 13-cv-5295 |
| | ) | |
| v. | ) | |
| | ) | Honorable Harry D. Leinenweber |
| | ) | |
| DOES 1-51, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO QUASH SUBPOENA**

Defendant Doe 39 (IP Address 50.151.237.5) (hereinafter referred to as "Defendant" or "Doe 39"), by and through its Attorneys, Johnson Law, LLC, respectfully submits this Memorandum in Support of its Motion to Quash Subpoena pursuant to Federal Rules of Civil Procedure 21 and 45(c)(3).

STATEMENT OF FACTS

The Plaintiff sued the unnamed Defendants Does 1-51, alleging that the Defendants violated its copyright by simultaneously downloading its movie using BitTorrent protocol. The Plaintiff does not know the identity of the Defendants.

The Internet Service Providers ("ISPs"), however, know the identities of the subscribers. The Plaintiff sought in its subpoena issued to the ISPs to disclose the identities of the subscribers.

Doe 39 seeks to quash the subpoena issued by Plaintiff to Comcast because of improper joinder under Federal Rule of Civil Procedure 20 ("Rule 20") and because disclosure of protected information pursuant to the subpoena violates the Electronic Communication Privacy Act ("ECPA"), codified at 18 U.S.C. §§ 2701-2703.

ARGUMENT

**I. Misjoinder of Defendants Violates Fed. R. Civ. P. 20:**

Rule 20 allows for joinder of individual claims against multiple defendants if the claims arise from a single transaction, occurrence, or series of closely-related transactions or occurrences.

The joinder of the Defendants in the instant action violates Rule 20 because Plaintiff has failed to establish in its Complaint that the claims arose from a single transaction, occurrence, or series of closely-related transactions or occurrences. The Plaintiff has also failed to establish in its Complaint that it has a right to relief that it can assert jointly or severally against the Defendants. The Plaintiff has also failed to establish that there are common questions of law or facts applicable to all the Defendants.

The Plaintiff alleges that the Defendants acted together in downloading the movie "Under the Bed" (hereinafter the "Motion Picture"), having participated "in a swarm and/or reproduced and/or distributed the same seed file." *See* Plaintiff's Complaint, attached as *Defendant's Exhibit A*, at p. 5. Plaintiff further alleges that by participating "in the same swarm, each Defendant participated in the same transaction, occurrence or series of transactions or occurrences as the other Defendants in the swarm." *See Defendant's Exhibit A* at p. 5. To establish evidence of this "transaction, occurrence or series of transactions or occurrences," Plaintiff submitted its Exhibit B, which purports to identify each Defendant "by the IP address assigned to that Defendant by his or her ISP and the date and the time at which the infringing activity of each Defendant was observed." *See Defendant's Exhibit A* at p. 5. Without further clarifying how Plaintiff "observed" each Defendant's activity, except by alleging that Plaintiff "used geolocation technology to trace the Internet Protocol ("IP") addresses of each Defendant to a point of origin within this District" (*see* Exhibit B at page 3), Plaintiff has joined to this action all Defendants listed in its Exhibit B.

Plaintiff's Exhibit B purportedly shows that the fifty-one (51) Defendants allegedly downloaded the Motion Picture. However, there are patent discrepancies in Plaintiff's Exhibit B which contradict Plaintiff's allegation in its Complaint that "each Defendant participated in the same transaction, occurrence or series of transactions or occurrences as the other Defendants." *See Defendant's Exhibit A*. Plaintiff's Exhibit B shows that the alleged downloads occurred between April 19, 2013 and May 28, 2013, a span of over a month. Plaintiff alleges that all of the Defendants used "BitTorrent protocol" to "join the swarm." *See Defendant's Exhibit A* at p. 2. However, the Does identified in Plaintiff's Exhibit B used numerous different Peer-to-Peer ("P2P") protocols. In fact, Plaintiff specifically alleges in its Complaint that "BitTorrent protocol . . . is different than the standard Peer-to-Peer ("P2P") protocol." *See Defendant's Exhibit A* at p. 2. Nonetheless, Plaintiff's Exhibit B identifies several P2P protocols used by Defendants that are not identified as "BitTorrent." *See Defendant's Exhibit A*. These other P2Ps include "Vuze," "libtorrent (Rasterbar)," "µTorrent," "µTorrent Mac," "BitTornado," "Transmission," "BitComet," and "Ares." *See* Plaintiff's Exhibit B. Plaintiff has failed to allege in its Complaint that these P2P protocols are in fact "BitTorrent" protocols and that they are separate and distinct from standard P2P protocols.

Doe 39 is identified in Plaintiff's Exhibit B as having used "µTorrent Mac 1.7.6 (Beta)." Plaintiff has failed to establish: (a) that "µTorrent Mac 1.7.6 (Beta)" is a "BitTorrent protocol," and (b) that the numerous different P2P protocols listed in its Exhibit B can participate in the same "swarm." Plaintiff's Complaint is further undermined by the fact that Plaintiff's Exhibit B shows that many of the Defendants had different ISPs. Plaintiff has failed to allege that these different ISPs allow for participation in the same "swarm." Thus, Plaintiff has failed to establish that Doe 39 is properly joined as a Defendant based on the same transaction, occurrence, or series of transactions or occurrences with the other Defendants.

Numerous jurisdictions, including the Northern District of Illinois, have refused to join defendants who were alleged to have committed the same violations at different times in one suit. In *Lightspeed v. Does 1-1000*, the Plaintiff brought an action for copyright infringement, alleging that the one thousand defendants had used BitTorrent protocol to share and spread Plaintiff's copyrighted material. 2011 U.S. Dist. LEXIS 35392 (N.D. Ill.). The Court rejected the plaintiff's argument that joinder was proper. *Id.* at 6-7. The Court held that the defendants using BitTorrent protocol were improperly joined because they were not involved in the "same transaction, occurrence, or series of transactions or occurrences" under Federal Rule of Civil Procedure 20(a)(2)(A). *Id*; *citing Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C.) (finding the mere fact that the same type of violation occurred the same way does not permit joinder); *see also Millenium TGA Inc. v. Does 1-800*, 2011 U.S. Dist. LEXIS 35406, at 3-5 (N.D. III.).

## II. The information Sought in the Subpoena Violates the ECPA

The information sought by the Plaintiff violates the Electronic Communication Privacy Act, 18 U.S.C. §§ 2701-2703. The ECPA states that only governmental entities can obtain disclosure of the contents of electronic communications and customer records under certain circumstances. The government entity must provide the ISP with an administrative receipt, grand jury or trial subpoena. *See* 18 U.S.C. § 2703(c); *see also FTC v. Netscape Communications Corp.*, 2000 U.S. Dist. LEXIS 7870, 3 (N.D. Cal.) (holding that a Rule 45 discovery subpoena did not fall within the exception for disclosure of subscriber information under 18 U.S.C. § 2703(c)); *see also In Re Subpoena Duces Tecum to AOL, LLC*, 2008 U.S. Dist. LEXIS 39349, 4 (E.D. Va.) (holding that unauthorized private parties and government entities are prohibited from using Rule 45 subpoenas to circumvent the ECPA's protections).

The ECPA further provides for voluntary disclosure to non-governmental entities by ISPs. *See* 18 U.S.C. § 2702(c). Here, the Plaintiff issued a subpoena commanding Comcast to produce

information. *See* Plaintiff's Subpoena to Comcast, attached as *Defendant's Exhibit B*. This violates the ECPA because the subpoena is a command upon Comcast and does not state that disclosure of information is voluntary. *See Defendant's Exhibit B*.

CONCLUSION

Plaintiff has failed to comply with Rule 20 and the ECPA. This action is an attempt to join multiple un-related parties without properly establishing how those parties participated in the same transaction or series of transactions. It is an attempt to obtain protected information without proper procedure. This action mirrors a slew of complaints filed across the county, including another brought by Plaintiff in this same jurisdiction, that merely clog the judicial system and seek settlements from individuals who are unable to adequately defend themselves against unsubstantiated claims.

WHEREFORE, Defendant Doe 39 (IP 50.151.237.5) respectfully requests that this Honorable Court quash the subpoena issued by Plaintiff and sever and dismiss with prejudice claims against Defendant Doe 39 for improperly joining it as a Defendant.

Respectfully submitted,
JOHNSON LAW, LLC

_____
Tige C. Johnson,
Attorney for Defendant Doe 39.

JOHNSON LAW, LLC
Barrister Hall
29 South LaSalle Street
Suite 220
Chicago, Illinois 60603
312.456.9300
Atty No. 6271255
JL File #: 13 DEF 1056