# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SITE B, LLC,<br><br>                  Plaintiff,<br><br>          v.<br><br>DOES 1 - 51,<br><br>                  Defendants. | Case No. 13 C 5295<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Doe 39's Motion to Quash. For the reasons stated herein, the Motion is denied.

## I. BACKGROUND

On July 24, 2013, Plaintiff Site B, LLC ("Site B") filed this action against 51 "John Doe" Defendants ("Defendants"), alleging copyright infringement in violation of the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* Site B develops and produces motion pictures. In its Complaint, Site B alleges that the Defendants used BitTorrent, a software protocol that facilitates large data transfers across peer-to-peer networks, to reproduce and distribute unlawfully Site B's copyrighted motion picture entitled "Under the Bed."

In order to share data over BitTorrent, an initial file-provider (in tech parlance, the "seeder") first must upload ("seed") a file to the torrent network. Other users ("peers") then

connect to the seed file to download it. As peers download the seed file, they also transmit pieces of that file automatically to subsequent downloaders for as long as they remain connected to BitTorrent. Every peer who downloads the file receives a different piece of the file from every user that has already downloaded it. The group of peers and seeders uploading and downloading the same file is called a "swarm."

Site B alleges that each of the Defendants downloaded and uploaded "Under the Bed" in the same swarm at various times between April 19 and May 28, 2013. According to Site B, the Defendants participated deliberately in the same swarm for the purpose of "reproducing, exchanging and distributing copyrighted material unique to the swarm." (Compl. ¶ 14, ECF No. 1). Site B also claims that Defendants engaged in the same transaction, occurrence, or series of transactions or occurrences by participating in the same swarm.

Site B only knows each Defendant by his or her Internet Protocol address ("IP address"), a unique numerical code that Internet Service Providers ("ISPs") assign to each computer and device connected to the Internet. On September 4, 2013, Site B served subpoenas on the Defendants' ISPs seeking identifying information for each Defendant, including their names, addresses, telephone numbers, email addresses, and Media Access Control addresses. Defendant Doe 39 ("Doe 39") has moved to quash the

subpoena *duces tecum* that Site B served on his ISP, Comcast Cable Holdings, LLC ("Comcast").

## II.  LEGAL STANDARD

A court must quash or modify a subpoena that either (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the geographical limits specified in FED. R. CIV. P. 45(c), (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (4) subjects a person to undue burden.  FED. R. CIV. P. 45(d)(3)(A).  A court also may quash or modify a subpoena that seeks commercial research or information, or materials from an unretained expert witness.  FED. R. CIV. P. 45(d)(3)(B).  The party seeking to quash bears the burden of demonstrating that the subpoena at issue falls within the Rule 45 criteria.  *Malibu Media, LLC v. John Does 1-6,* No. 12 C 08903, 2013 U.S. Dist. LEXIS 71857, at *14 (N.D. Ill. May 17, 2013).

## III.  ANALYSIS

Doe 39 seeks to quash the Comcast subpoena on two grounds: first, that Doe 39 is misjoined, and second, that the subpoena violates the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.* ("ECPA"), as modified by the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.* ("SCA").

### A. Joinder

#### 1. *Quashing the Subpoena is an Improper Remedy for Misjoinder*

At the outset, the Court notes that it is questionable whether Doe 39 has standing to object to the subpoena Site B served on Comcast. "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Kessel v. Cook Cnty.,* No. 00 C 3980, 2002 U.S. Dist. LEXIS 4185, at *5 (N.D. Ill. Mar. 14, 2002) (quotations omitted). District courts in this Circuit have disagreed over whether an anonymous defendant accused of copyright infringement has standing to object to a subpoena issued to his ISP. *See, Malibu Media, LLC v. Reynolds,* No. 12 C 6672, 2013 U.S. Dist. LEXIS 31228, at *14-15 (N.D. Ill. May 7, 2013) (comparing cases).

Even assuming Doe 39 has standing to challenge the Comcast subpoena, however, his Motion still must be denied because quashing a subpoena is not a means of remedying improper joinder. Rather, the appropriate relief in such circumstances would be severance pursuant to Rule 21 of the Federal Rules of Civil Procedure. *See, reFX Audio Software, Inc. v. Does 1-111,* No. 13 C 1795, 2013 U.S. Dist. LEXIS, at *9 n.2 (N.D. Ill. July 23, 2013) ("Even if joinder of all defendants is not proper, improper joinder is not grounds to quash the third party subpoenas under Fed. R. Civ. P. 45.").

Doe 39's contention that he was improperly joined therefore cannot serve as a basis for the relief he seeks.

## 2. *Joinder is Proper*

Although Doe 39 does not request severance in its Motion to Quash, the Court may, on its own, sever parties or claims that it determines were improperly joined. *See,* FED. R. CIV. P. 21. Rule 20 of the Federal Rules of Civil Procedure provides that persons may be joined as defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Joinder of claims is favored strongly. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966). Permissive joinder pursuant to Rule 20(a)(2) does not require the defendants to have acted in concert with each other – only that they have participated in the same transaction, occurrence, or series of transactions or occurrences. *See, United States v. Mississippi,* 380 U.S. 128, 143 (1965). In other words, joinder is proper "when there is a logical relationship between the separate causes of action." *Malibu Media LLC v. John Does 1-6,* 2013 U.S. Dist. LEXIS 71857, at *33 (N.D. Ill. May 17, 2013) (quotations omitted). This test is satisfied when "the defendants' allegedly infringing acts, which give rise to the individual claims

of infringements . . . share an aggregate of operative facts." *Id.* at *34.

Doe 39 argues that the Complaint is insufficient because Site B did not allege that (1) the various "P2PClients" (which Doe 39 mistakenly refers to as "P2P Protocols") listed in Exhibit B to the Complaint are in fact "BitTorrent protocols"; (2) different P2PClients can participate in the same swarm; or (3) Defendants with different ISPs can participate in the same swarm. (Def.'s Mem. in Supp. of Mot. to Quash ("Def.'s Mem.") at 3, ECF No. 13). None of these claims has merit.

Site B alleges that BitTorrent protocol facilitates the transfer of files across P2P networks. Compl. ¶ 3. The P2PClients listed in Exhibit B are the P2P networks utilizing the BitTorrent protocol that Site B refers to in the third paragraph of its Complaint. (*See,* Pl.'s Resp. to Mot. to Quash ("Pl.'s Opp. Mem.") at 2, ECF No. 18). Furthermore, Exhibit B shows that persons using different ISPs and P2P Clients can participate in the same swarm. *See,* Compl. ¶¶ 3-4 & Ex. B. All of the Defendants listed in Exhibit B downloaded identical files using BitTorrent protocol. *See, id.* Ex. B. Therefore, Site B has alleged properly that the Defendants participated in the same swarm.

Doe 39 also argues that Site B failed to establish that the Defendants participated in the same transaction, occurrence, or series of transactions or occurrences because the alleged downloads

occurred at various times over a six-week period. District courts across the country, including those within this District, are split on whether it is permissible to join many anonymous defendants alleged to have participated in a single downloading "swarm" in the same lawsuit. In that regard, courts are in disagreement over whether a plaintiff can join defendants it alleges participated in the same swarm without establishing that the defendants accessed the swarm contemporaneously. *Compare, Reynolds,* 2013 U.S. Dist. LEXIS 31228, at *26-36 (Kendall, J.) (collecting cases and finding joinder improper because plaintiff did not allege that anonymous defendants accessed the swarm at the same time), and *Malibu Media, LLC v. John Does 1-21,* No. 12 C 9656, 2013 LEXIS 79433, at *13-19 (N.D. Ill. June 6, 2013) (Reinhard, J.) (same), with *Malibu Media, LLC v. John Does 1-6,* No. 12 C 8903, 2013 U.S. Dist. LEXIS 71857, at *40-43 (N.D. Ill. May 17, 2013) (Castillo, J.) ("Those courts that require plaintiffs to establish that defendants were in the swarm at the same time or in close temporal proximity so as to join them in a single suit ignore that permissive joinder under Rule 20(a) does not . . . 'have as a precondition that there be temporal distance or temporal overlap.'"), and *Zambezia Film Pty, Ltd. v. Does 1-65,* No. 13 C 1321, 2013 U.S. Dist. LEXIS 123414, at *12-13 (N.D. Ill. Aug. 29, 2013) (St. Eve, J.) ("Looking to the plain language of Rule 20 and its origins . . . defendants need not be in

the same swarm at the same time to be properly joined."). The Seventh Circuit has yet to resolve the question.

In *Pacific Century Int'l v. Does 1-31,* No. 11 C 9064, 2012 U.S. Dist. LEXIS 82796, at *5 (N.D. Ill. June 12, 2012), this Court held that "allegations that . . . anonymous defendants participated in the same 'swarm' (at varying times spanning just over one month) sufficiently alleges that they were involved in 'a series of transactions' to warrant joinder under Rule 20." Doe 39 presents no argument that persuades the Court to adopt a different position here. Indeed, nothing in Rule 20(a)'s language requires that parties interact directly with each and every other party to the suit. The phrase "series of transactions or occurrences" is broad enough to encompass transactions occurring at different times and involving different parties. Furthermore, all of the file transfers in a swarm are interdependent. Each transfer involves pieces of the same file, regardless of whether a party who downloaded the file previously left the swarm. *See, Osiris Entm't LLC v. Does 1-38,* No. 13 C 4901, 2013 U.S. Dist. LEXIS 117418, at *8-11 (N.D. Ill. Aug. 20, 2013) ("the pieces of the file that Doe 1 distributed directly to other Does who were in the swarm contemporaneously with Doe 1 were in turn subsequently distributed by them to the Does who joined the swarm after Doe 1 left it; in the context of a swarm, there is only a single digital file that is distributed among the members. Thus, it cannot be said that

subsequent transfers of that file are entirely 'independent' of the earlier transfers.").

Site B's allegations also are sufficient to satisfy Rule 20(a)(2)'s requirement that all defendants share a common question of fact or law.  FED. R. CIV. P. 20(a)(2)(B).  Among the shared questions of fact in this case are whether the Defendants copied Site B's film using BitTorrent protocol and whether they distributed the film using BitTorrent protocol.  "[T]he factual inquiry into the method used in any alleged copyright infringement will be substantially identical, as the methods [Site B] will use to investigate, uncover, and collect evidence about any infringing activity will be the same as to each Doe Defendant."  *First Time Videos, LLC v. Does 1-500,* 276 F.R.D. 241, 252 (N.D. Ill. 2011).  Similarly, the Defendants share common questions of law, including whether copying and distributing "Under the Bed" through a BitTorrent swarm constitutes direct or contributory copyright infringement or both.

Therefore, Site B has – at least at this stage – made an adequate showing that the Defendants are joined properly.  The Court remains open to revisiting its decision in the future, however, should the putative defendants seek to raise the issue again after they become named defendants in this case.  *See, e.g., Mgcip v. Doe,* No. 10 C 6677, 2011 U.S. Dist. LEXIS 61879, at *5-6 (N.D. Ill. June 9, 2011).

## B. ECPA

Doe 39 also argues that the Comcast subpoena should be quashed because it runs afoul of the ECPA's restrictions on the disclosure of electronic communications. While it is true that the ECPA prohibits electronic communication services from "knowing[ly] divulg[ing] to any person or entity the *contents* of a communication while in storage by that service," 18 U.S.C. § 2702(a)(1) (emphasis added), the subpoenas in this case seek only identifying account information for the Defendants. The ECPA permits the disclosure of customer records to "any person other than a governmental entity." 18 U.S.C. § 2702(c)(6). Since Site B is a private entity, the ECPA disclosure limitations upon which Doe 39 relies do not apply to the subpoena in this case. *See, TCYK, LLC v. Does 1-87,* No. 13 C 3845, 2013 WL 5567772, at *3 (N.D. Ill. Oct. 9, 2013).

Doe 39 also argues that the Comcast subpoena should be quashed because Site B failed to inform Comcast that disclosure of customer records under the ECPA is voluntary. Doe 39 cites no authority that suggests that this is a requirement under the ECPA, however, and the Court is aware of at least two cases that have declined to quash subpoenas despite their apparent failure to indicate that disclosure was not compulsory. *See, e.g., First Time Videos,* 276 F.R.D. at 247; *Mintz v. Mark Bartelstein & Assocs.,* 885 F.Supp.2d 987, 993 (C.D. Cal. 2012). Moreover, Comcast is the largest media corporation in the world. *See,* Media Data Base: Comcast/

NBCUniversal, LLC, Institute of Media and Communications Policy, *www. mediadb. eu/en/data-base/international-media-corporations/ comcastnbcuniversal-llc.html* (last accessed Feb. 20, 2014). It is frivolous to suggest that it would need to rely on Site B for advice concerning its legal obligations in this case.

In these circumstances, the Court finds no basis for quashing the subpoena.

## IV. CONCLUSION

For the reasons stated herein, Doe 39's Motion to Quash [ECF No. 13] is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date:3/7/2014